No. 2026.—BOSTICK & SEYMOUR *v.* J. R. SHANNON.

A, the judgment creditor of B, caused a lot of tobacco in a warehouse to be seized as the property of his debtor. C, a third party, intervened and claimed the property. The facts elicited on trial show that B was the agent of C; that he had offered to sell the tobacco, and pointed it out to two brokers for that purpose; that A, being present when it was offered for sale as B's property, caused it to be seized.

C, the intervenor, showed a bill of sale of the tobacco, the warehouseman's receipt, and the authentic act constituting B her agent.

Held—That the evidence of the brokers that B engaged them to sell the tobacco, which was pointed out to them in the warehouse as B's property, was insufficient to overthrow the title of C, as established by the bill of sale and the warehouseman's receipt; that the agent was under no obligation to disclose his capacity to the brokers, when he applied to them to have the property sold.

APPEAL from the Fourth District Court, parish of Orleans. *Theard*, J. *M. M. Cohen*, for plaintiffs and appellees. *R. & H. Marr*, for opponent and appellant.

HOWELL, J. On the fourth June, 1866, plaintiffs obtained judgment against the defendants for $535 10, with legal interest from ninth June, 1862, and on the twenty-first June, 1866, seized a lot of tobacco, in the warehouse of one D. Morgan, as the property of defendants. Thereupon Mrs. M. G. Knorr enjoined the sale on the ground that the property belonged to her. On the trial she introduced the receipt of the warehouseman in her name, for the same tobacco, dated June 3, 1866, the correctness of which is attested by Morgan, who says the body of the receipt is in the handwriting of Shannon. She also introduced a bill for the purchase of said tobacco, made out in her name, dated April 3, 1866, and receipted by the vendor. It seems that this bill had been dated at Madison, and the words, New Orleans, written over it. Shannon acted for her in the handling of this tobacco and delivering it to Morgan "for storage and sale," under a full and formal power of attorney, passed before a notary public, on twenty-first October, 1865.

To rebut this evidence the plaintiffs offered the testimony of a broker to the effect, that he was authorized by another broker, in the presence of Shannon, to sell this tobacco; that he offered it for sale as Shannon's property, went with the party to the warehouse and asked for Shannon's tobacco, and was shown this lot; the testimony of one of the plaintiffs, that, having heard it offered by the broker as Shannon's property, he went with a deputy sheriff to the warehouse, asked for Shannon's tobacco, was shown this lot, and caused it to be seized, and he believed the receipts in evidence, from their appearance, were ante-dated; and the testimony of another witness who also believed said receipts were ante-dated.

While these circumstances may have led plaintiffs to believe that Shannon was the owner of the property, yet they are not sufficient to outweigh the evidence in support of intervenor's title, as shown by

the warehouseman's receipt, her bill of purchase and the agency of Shannon.

An agent or factor may not always disclose the name of his principal, when endeavoring to sell property for the latter. And it is observable, that Shannon is not shown to have claimed or even admitted, that this tobacco belonged to him. The broker who testified does not expressly say that he spoke of it as Shannon's property in his presence, but only that he and another broker spoke of selling a lot of tobacco, then in Morgan's warehouse and there shown to him as Shannon's. None of the witnesses appear to have been examined in presence of the judge a quo, who gave judgment in favor of plaintiffs. The evidence brings us to a different conclusion.

It is therefore ordered that the judgment appealed from be reversed, and that there be judgment in favor of Mrs. M. G. Knorr, declaring her to be the owner of the tobacco seized herein, and that the same be restored to her, with costs in both courts.